IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

CENTURY SERVICES LP,

        Plaintiff,

v.

M/V MARK HANNAH and BARGE
HANNAH 6301, and their boilers, engines,
tackle, machinery, equipment, appurtenances,
etc., *in rem*,

        Defendants.

Civil Action No. 5:09-CV-772
(GTS/DEP)

## ORDER APPOINTING SUBSTITUTE CUSTODIAN

Upon review of Plaintiff Century Services LP's application for an order appointing National Maritime Services, Inc. as substitute custodian (the "Substitute Custodian") of the defendant vessels and the Declaration of William O'Dell in support thereof (the "O'Dell Declaration"), and the United States Marshal having no objection thereto, it is hereby:

ORDERED that the Plaintiff's application is granted; and it is further

ORDERED that the U.S. Marshal for this District shall surrender possession and custody of each of the defendant vessels, their boilers, tackle, machinery, appurtenances, etc. (collectively, the "Vessels"), to the Substitute Custodian immediately upon the arrest of each such Vessel by the U.S. Marshal; and it is further

ORDERED that, upon transfer of custody of the Vessels, the Substitute Custodian shall act as substitute custodian of the Vessels during *custodia legis* on behalf of the Court, in place and stead of the U.S. Marshal, until further order of this Court; and it is further

ORDERED that, upon transfer of custody of the Vessels, the U.S. Marshal shall not be liable for any loss of or injury occurring while the vessels are in the custody of the Substitute Custodian; and it is further

ORDERED that the Substitute Custodian shall sign and deliver to the U.S. Marshal a form of receipt certifying the date and time of transfer and acceptance of the Vessels; and it is further

ORDERED that the Substitute Custodian, in consideration of the U.S. Marshal's consent to the substitution of custody, shall indemnify, hold harmless, and release the U.S. Marshal, the United States of America, their agents, servants, employees, and all others for whom they are responsible, from any and all liability and responsibility arising out of the care and custody of the Vessel, their engines, tackle, appurtenances, furnishings, etc. from the date of the transfer of possession of said Vessels, her engines, tackle, appurtenances, furnishings, etc., and it is further

ORDERED that the Substitute Custodian shall defend the United States of America, the U.S. Marshal, their agents, servants, employees, and all others for whom they are responsible, against all claims and actions arising out of said substitute custody and, further, shall indemnify and hold harmless and be responsible to pay and satisfy all claims and judgments that might arise out of said substitute custody and shall be responsible and indemnify and hold harmless the United States of America, the U.S. Marshal, their agents, servants, employees, and all others for whom they are responsible, for all attorneys' fees, costs, expenses and disbursements incurred in defending against such claims or actions arising out of said substitute custody, and it is further

ORDERED that the Plaintiff shall deposit one thousand dollars ($1,000) per vessel with the U.S. Marshall prior to the Marshall's execution of process, pursuant to N.D.N.Y. L.A.R.(e)10, and it is further

ORDERED that all U.S. Marshal's costs shall be paid by Plaintiff prior to the

conclusion of this action and closure of this case by the Court; and it is further

ORDERED that, pending further Order of the Court, the Vessels shall be kept at their current locations, as set forth on Schedule A to this Order; and it is further

ORDERED that, during the period of *custodia legis*, the Substitute Custodian shall provide for the dockage, security and maintenance of the Vessels, and may procure port risk insurance on the Vessels, on such terms and conditions as it shall deem necessary and appropriate in the circumstances; and it is further

ORDERED that all fees and charges paid to the U.S. Marshal by the Substitute Custodian and/or Plaintiff, and all dockage, custodial, watchman, security, maintenance, insurance, engineering and related charges and fees, and insurance premiums, incurred or paid by the Substitute Custodian and/or Plaintiff for and on behalf of the Vessels during *custodia legis*, as more particularly described in the O'Dell Declaration, be and the same are hereby declared an expense of arrest of the Vessels.

Dated: Syracuse, New York
July 9, 2009

UNITED STATES DISTRICT JUDGE
Glenn T. Suddaby

## EXHIBIT A

## VESSEL LOCATIONS

| Location | Vessel |
|---|---|
| Port of Oswego Authority – East Terminal | M/V MARK HANNAH<br>Barge HANNAH 6301 |