UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CENTURY SERVICES, LP,

                Plaintiff,                      5:09-CV-0772
                                                                    (GTS/DEP)
v.

M/V MARK HANNAH; and BARGE HANNAH 6301,

                Defendants,
_____

GLEN NATIONS,

                Intervenor Plaintiff,

v.

M/V MARK HANNAH; and BARGE HANNAH 6301,

                Defendants.
_____

APPEARANCES:                                          OF COUNSEL:

SMITH, SOVIK, KENDRICK & SUGNET, P.C.       JAMES D. LANTIER, ESQ.
    Counsel for Plaintiff
250 South Clinton Street, Suite 600
Syracuse, NY 13202-1252

VEDDER PRICE P.C.                           JOHN E. BRADLEY, ESQ.
    Counsel for Plaintiff
1633 Broadway
New York, NY 10019

O'BRYAN LAW CENTER, PC                   DENNIS M. O'BRYAN, ESQ.
    Counsel for Glen Nations
401 South Old Woodward, Suite 450
Birmingham, MI 78009

HON. GLENN T. SUDDABY, United States District Court Judge

## AMENDED DECISION and ORDER

Currently pending before the Court in this admiralty action filed by Century Services LP ("Plaintiff") are motions for default judgment filed by Plaintiff against M/V MARK HANNAH and BARGE HANNAH 6301 ("Defendants" or "the vessels"). (Dkt. Nos. 40, 41.) For the reasons stated below, Plaintiff's motions are granted.

**I.    RELEVANT BACKGROUND**

On July 6, 2009, Plaintiff filed its Complaint in this action. (Dkt. No. 1.) On July 7, 2009, a summons was issued. (Dkt. No. 3.) On July 9, 2009, the Court issued warrants for the arrest of M/V MARK HANNAH and BARGE HANNAH 6301, which were personally served on Defendants on July 10, 2009, along with a copy of the Complaint and summons. (Dkt. Nos. 8-11.) On July 13, 2009, the vessels were arrested by the United States Marshal's Service, which posted the Warrants for Arrest on the vessels. (*See* Text Minute Entry for 7/14/2009; *see also* Dkt. Nos. 12-13.) On July 30, 2009, Plaintiff filed an Amended Complaint. (Dkt. No. 15.) A summons was reissued that same day, and Defendants were re-served on August 7, 2009. (Dkt. Nos. 16-17.)

On September 23, 2009, a Notice of Sale of the vessels was personally served on both the registered owners of the vessels and all lien holders of record. (Dkt. No. 29.) Moreover, on September 23, 2009, and October 7, 2009, a Notice of Sale of the vessels was published in the *Post-Standard* (Syracuse) and *Palladium-Times* (Oswego). (Dkt. No. 30.) On October 14, 2009, a former crew member aboard the vessels, named Glen Nations, filed and served a Complaint in Intervention. (Dkt. No. 32.) On that same day, the vessels were sold at an auction for a total of

$2,500,000. (*See* Dkt. Nos. 38, 39.)[1] On October 16, 2009, Glen Nations filed an Amended Complaint in Intervention. (Dkt. No. 34.) On October 27, 2009, the Court confirmed the sale of the vessels. (Dkt. Nos. 38, 39.) The Clerk of the Court is currently holding, in the Court's registry, $1,962,897.47 in net proceeds from the sale of the M/V MARK HANNAH.[2]

On November 12, 2009, Plaintiff filed two motions for the entry of default pursuant to Fed. R. Civ. 55(a), and for the issuance of default judgments pursuant to Fed. R. Civ. P. 55(b). (Dkt. Nos. 40, 41.) On November 20, 2009, Plaintiff served by mail its motions on Defendants. (Dkt. No. 44.) On November 25, 2009, Glen Nations opposed Plaintiff's motions to the extent that they sought "a priority of claim [in relation to Glen Nations' claim for maintenance and cure], or to first collect money out of the vessel sale funds." (Dkt. No. 45.) On December 8, 2009, Plaintiff and Glen Nations filed a Stipulation essentially stating that (1) Glen Nation has agreed to withdraw his objection to the issuance of default the judgment, and (2) Plaintiff has agreed to amend its request so as to ask that the Clerk of the Court retain in its registry the sum of forty-five thousand dollars ($45,000.00), representing the amount in controversy between Plaintiff and Glen Nations. (Dkt. No. 46.) On January 5, 2010, the Clerk of this Court entered default against Defendants pursuant to Fed. R. Civ. 55(a). (Dkt. No. 47.) On January 6, 2010, Plaintiff personally served on Defendants (1) the Clerk's entry of default, and (2) the Court's

---

[1] More specifically, Plaintiff purchased BARGE HANNAH 6301 through a credit bid for the sum of five hundred thousand dollars ($500,000.00); and OxyChem-Occidental Chemical Corporation, a Texas-based Corporation, purchased M/V MARK HANNAH, for the sum of two million dollars ($2,000,000.00).

[2] By "net," the Court means the sum deposited in the Court's registry by the Marshal's Service after it deducted its custodial fee of $37,530.00 from the original proceeds of $2,000,000.00 from the sale of the M/V Mark Hannah to OxyChem Corporation on October 27, 2009.

Amended Text Order of January 5, 2010.[3] (Dkt. No. 48.)

As of the date of this Amended Decision and Order, no Answer has been filed, nor has any appearance been made, on behalf of Defendants or anyone claiming an interest in the vessels; nor have Defendants filed an opposition to Plaintiff's motions for the entry of default pursuant to Fed. R. Civ. 55(a) or for the issuance of a default judgment against them pursuant to Fed. R. Civ. P. 55(b). For a more detailed recitation of the background and procedural history in this action, the Court refers the reader to Plaintiff's Complaint, and its memoranda of law in support of its motions for default judgment. (Dkt. No. 1; Dkt. No. 40, Attach. 34; Dkt. No. 41, Attach. 34.)

## II.   PLAINTIFF'S MOTIONS

Familiarity with the grounds for Plaintiff's motions for default judgment is assumed in this Amended Decision and Order, which is intended primarily for review of the parties. After carefully considering Plaintiff's unopposed motions, the Court is satisfied that Plaintiff has met its modest threshold burden in establishing entitlement to a default judgment against Defendants, under the circumstances.[4] The Court notes that Plaintiff's motions would survive even the

---

[3] The Court's Amended Text Order of January 5, 2010, stated, *inter alia*, that "[a] decision w[ould] be issued on the motions for default judgment shortly after the certificate of service of the clerk's entry of default [wa]s filed." (Amended Text Order dated January 5, 2010.)

[4] In this District, a movant's burden with regard to an unopposed motion is lightened such that, in order to succeed, the movant need only show its entitlement to the relief requested in its motion, which has appropriately been characterized as a "modest" burden. *See* N.D.N.Y. L.R. 7.1(b)(3) ("Where a properly filed motion is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein . . . ."); *Rusyniak v. Gensini*, 07-CV-0279, 2009 WL 3672105, at *1 n.1 (N.D.N.Y. Oct. 30, 2009) (Suddaby, J.) (collecting cases).

4

heightened scrutiny appropriate on a contested motion.

For example, for the reasons stated above in Part I of this Amended Decision and Order, the Court finds that due notice of this action and the arrest of the vessels has been given to Defendants. In addition, the Court finds that time during which any person or entity claiming ownership or possession of the vessels may answer has expired;[5] however, no answer has been filed and no one has appeared to defend on behalf of the vessels.[6] Finally, the Clerk has already

---

[5] More specifically, Supplemental Rule C of the Federal Rules of Civil Procedure states as follows:

> The claimant of property that is the subject of an action in rem shall file a claim within 10 days after process has been executed, or within such additional time as may be allowed by the court, and shall serve an answer within 20 days after the filing of the claim. The claim shall be verified on oath or solemn affirmation, and shall state the interest in the property by virtue of which the claimant demands its restitution and the right to defend the action.

Fed. R. Civ. P., Supp. R. C(6) (1992). "Under this rule, a claimant's 10 day time period within which to file a claim begins to run when he is served with notice of the seizure, and the warrant for the arrest of defendant in rem has actually been executed." *U.S. v. One Hundred Thirty-Eight Thousand, Three Hundred Eighty-One Dollars in U.S. Currency*, 240 F. Supp.2d 220, 227 (E.D.N.Y. 2003) (citation omitted). Supplemental Rule C also requires, *inter alia*, that "a person who asserts a right of possession or any ownership interest in property that is the subject of the action . . . file a verified statement of right or interest," in addition to filing an answer. Local Rule (c)(2)(e) requires the publication of notice of action and arrest to contain "[a] statement that a person asserting any ownership interest in the property or a right of possession pursuant to Supplemental Rule C(6) must file a statement of such interest with the Clerk and serve it on the plaintiff's attorney within fourteen (14) days after publication." N.D.N.Y. L.R.(c)(2)(e). In addition, Local Rule (c)(2)(f) requires the publication of notice of action and arrest to contain "[a] statement that an answer to the complaint must be filed and served within thirty (30) calendar days after publication and that, otherwise, default may be entered and condemnation ordered." N.D.N.Y. L.R.(c)(2)(f).

[6] As indicated above in Part I of this Amended Decision and Order, Glen Nations has filed a Complaint in Intervention seeking to assert alleged liens for maintenance and cure against the proceeds procured from the sale of the Vessels. However, because Glen Nations is not asserting a claim of ownership to or possession of the property, his Complaint in Intervention

entered default against Defendants, and Plaintiff has served Defendants with its motions for the issuance of default judgment; however, Defendants have still neither responded to the motions nor appeared in this action.[7]

For each of these alternative reasons, the Court grants Plaintiff's motions for the issuance of a default judgment pursuant to Fed. R. Civ. P. 55(b).

**ACCORDINGLY**, and for each of these alternative reasons, it is

**ORDERED** that Plaintiff's motions for default judgment against Defendants (Dkt. Nos. 40, 41) are **GRANTED**; and it is further

**ORDERED** that the Clerk of the Court is directed to enter a default judgment against Defendants, jointly and severally, *in rem*, in Plaintiff's favor, pursuant to Fed. R. Civ. P. 55(b); and it is further

**ORDERED** that, by using the Tax Identification Number previously provided by Plaintiff's law firm of Smith, Sovik, Kendrick & Sugnet, P.C., the Clerk of the Court is directed to release to that law firm, from the Court's registry, the amount of $1,917,897.47, representing

---

does not impact the Court's ability to enter a default judgment in favor of Plaintiff against Defendants. In any event, on December 7, 2009, Glen Nations and Plaintiff entered into a Stipulation stating, *inter alia*, that Glen Nations was withdrawing his limited opposition to Plaintiff's motions.

[7] "Federal Rule of Civil Procedure 55 provides a two-step process that the Court must follow before it may enter a default judgment against a defendant." *Robertson v. Doe*, 05-CV-7046, 2008 WL 2519894, at *3 (S.D.N.Y. June 19, 2008). "First, under Rule 55(a), when a party fails to 'plead or otherwise defend . . . the clerk must enter the party's default.'" *Robertson*, 2008 WL 2519894, at *3 (quoting Fed. R. Civ. P. 55[a]). "Second, pursuant to Rule 55(b)(2), the party seeking default judgment is required to present its application for entry of judgment to the court." *Id.* "Notice of the application must be sent to the defaulting party so that it has an opportunity to show cause why the court should not enter a default judgment." *Id.* (citing Fed. R. Civ. P. 55[b][2]). Here, Plaintiff has satisfied the above-stated requirements of Fed. R. Civ. P. 55(a) and 55(b).

(1) $1,962,470.00 in net proceeds from the sale of the M/V Mark Hannah on October 27, 2009, subsequently deposited by the Marshal's Service in the Court's registry, *plus*

(2) $427.47 in net interest accrued on those net proceeds while in the Court's registry,[8] *minus*

(3) $45,000.00 retained in the Court's registry, as described below in the last two paragraphs of this Amended Decision and Order; and it is further

**ORDERED** that the Clerk of the Court shall enter judgment against Defendant Vessels, jointly and severally, *in rem*, in the principal sum of $16,933,468.19, representing

(1) $16,099,310.35 in principal debt as of September 22, 2008 (the date of default), *plus*

(2) $834,157.84 in unpaid and accrued interest on the above-described principal debt at the parties' contractually agreed-upon rate of 9.25% per year from September 22, 2008 (the date of default), until October 27, 2009 (the date of sale of such Vessels), pursuant to Section 2.07 of the relevant loan documents; and it is further

**ORDERED** that Plaintiff shall, within **THIRTY (30) DAYS** from the date of this Amended Decision and Order, file a partial satisfaction of judgment against Defendant M/V MARK HANNAH in the amount of $1,917,897.47, representing the above-described disbursements from the Court's registry; and it is further

**ORDERED** that Plaintiff shall also, within **THIRTY (30) DAYS** from the date of this Amended Decision and Order, file a partial satisfaction of judgment against Defendant BARGE

---

[8] The Court uses the term "*net* interest" because this amount ($427.47) consists of gross interest of $470.22 minus the Court's registry fee of 10% of accrued interest, which equals $42.75.

HANNAH in the amount of $500,000.00, representing Plaintiff's successful credit bid for such Vessel at the above-described interlocutory sale; and it is further

**ORDERED** that the Clerk of the Court is directed to also award Plaintiff daily interest on whatever principal debt exists, at the parties' contractually agreed-upon rate of 9.25% per year, from October 27, 2009 (the date of the sale of the Vessels), until the remaining principal debt is paid in full; and it is further

**ORDERED** that the Clerk of the Court is further directed to retain in the Court's registry the sum of $45,000.00, pursuant to the Stipulation and First Order of Distribution entered into by Glen Nations and Plaintiff on December 8, 2009 (Dkt. No. 46); and it is further

**ORDERED** that the Court shall retain jurisdiction over this action to consider court costs, costs of collection, attorney's fees, and the entitlement, as between Plaintiff and Glen Nations, to the $45,000.00 remaining in the Court's registry.

Date:  February __, 2010
       Syracuse, New York

HON. GLENN T. SUDDABY
United States District Judge